IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee,<br><br>     Plaintiffs,<br><br>  v.<br><br>NATIONAL CONCRETE PRODUCTS COMPANY,<br><br>     Defendant. | )<br>)<br>)<br>)<br>) Case No. 15-cv-3739<br>)<br>) Judge Manish S. Shah<br>)<br>) Magistrate Judge Geraldine Soat Brown<br>)<br>)<br>)<br>) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendant, National Concrete Products Company ("National Concrete") respectfully submits its Response in Opposition to Plaintiffs' Motion for Summary Judgment.

**I.  INTRODUCTION**

In its Motion for Summary Judgment, Plaintiff, Central States, Southeast and Southwest Areas Pension Fund ("Central States") seeks, in part, past due interim withdrawal liability payments in connection with a partial withdrawal liability assessment of $2,589,136.35 resulting from an alleged partial withdrawal from Central States in 2011. Subject to an appropriate affidavit to prove up the amounts owed, National Concrete has advised Central States that it does not oppose that portion of Central States' motion.

However, a few months after Central States assessed the partial withdrawal liability, Central States determined that National Concrete effected a complete withdrawal and assessed National Concrete with additional withdrawal liability in the principal amount of $1,874,717.93.

As noted by Central States, National Concrete timely challenged both assessments, which are pending in arbitration. Unlike the partial withdrawal liability assessment, however, Central States is now seeking judgment for the *full amount* of the complete withdrawal liability assessment – not just judgment for the outstanding interim payments. While there are limited circumstances which would permit Central States to demand the full amount due, Central States has not provided this Court with any evidence that would warrant judgment in full for the complete withdrawal liability assessment. Indeed, absent from Central States' motion is *any* explanation as to why it should be permitted to demand payment in full. Without more, Central States' motion for summary judgment, for the full amount of the complete withdrawal liability assessment, must be denied.

**II.      ARGUMENT**

The Multiemployer Pension Plan Amendments Act ("MPPAA"), an amendment to the Employee Retirement Income Security Act ("ERISA"), provides a mechanism for calculating the amount of withdrawal liability and the installment schedule according to which a pension fund should be paid. *Central States v. O'Neill Bros. Transfer & Storage Co.*, 620 F.3d 766, 768 (7th Cir. 2010), citing 29 U.S.C. §§ 1391, 1399(c)(1), (3). Although § 1399(c)(5) provides limited circumstances under which a pension plan may accelerate these payments and demand payment in full, acceleration is not permitted unless there has been a "default" as defined under the statute. *Id.*, citing § 1399(c)(5). Here, Central States brings its motion for summary judgment seeking acceleration and full payment without any evidence or allegation of such default.

Under § 1399(c)(5)(B), a default occurs if an event transpires which creates a "substantial likelihood that an employer will be unable to pay its liability." *Central States v. O'Neill Bros. Transfer & Storage*, 620 F.3d 766, 771 (7th Cir. 2010), citing 29 U.S.C. § 1399(c)(5)(B) (Central

2

States was permitted to accelerate payment when the employer did not refute Central States' offered basis for declaring a default). If Central States believes that that there is a substantial likelihood that National Concrete will be unable to pay its withdrawal liability, it must provide evidence on this point for the Court to consider and demonstrate that there are no material facts in dispute. Here, Central States offers no facts or evidence that would support such a conclusion. Indeed, not even Central States' Local Rule 56.1(a) Statement of Material Facts (ECF No. 18) provides any allegations regarding default or acceleration. There are, therefore, no material facts for National Concrete to dispute and Central States' Statement of Material Facts provides no factual basis to support the relief sought in the Motion for Summary Judgment.

Central States offers only an affidavit from Daniel L. Shepard, the Department Manager in the Collections Divisions at Central States (ECF No. 18-2). Shepard does not provide any statements regarding the status of National Concrete's business, whether it is liquidating all or substantially all of its assets, or whether he has reason to believe that National Concrete will not be able to pay the withdrawal liability assessment. Central States brings this motion for summary judgment without even deposing anyone from National Concrete. Central States does not provide any evidence for this Court to consider (or to which National Concrete can respond) on the status of the business or whether National Concrete can or cannot pay the withdrawal liability assessment.

The Seventh Circuit has permitted acceleration when the "risk of nonpayment is especially acute." *Central States v. O'Neill Bros Transfer & Storage Co.*, 620 F.3d 766, 774 (7th Cir. 2010). If the "need for urgent action" is not "acute," Central States should not be permitted to accelerate the full amount of the assessment without evidence of a default. *See id.* This Court has no evidence before it to make this determination. As acceleration under the statute is

3

"permissive, not mandatory," it certainly is not warranted here. *See Chicago Truck Drivers v. El Paso*, 525 F. 3d 591, 602 (7th Cir. 2008).

## III. CONCLUSION

Without any evidence of a default, Central States cannot accelerate the full amount of the assessment and the motion for summary judgment in the full amount of the complete withdrawal liability assessment must be denied.

Dated: January 19, 2016                                  Respectfully submitted,

                                                         NATIONAL CONCRETE PRODUCTS COMPANY

                                                         By:*/s/Sara L. Pettinger*
                                                                One of its Attorneys

Sara L. Pettinger
Donald J. Vogel
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
30 West Monroe Street, Suite 600
Chicago, IL 60603
Telephone: (312) 255-7200
Facsimile: (312) 422-1224

4

**CERTIFICATE OF SERVICE**

  I, Sara L. Pettinger, hereby certify that on January 19, 2016, the foregoing was filed electronically. Notice of this filing will be sent to the following individuals by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Emily M. Ironside
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938

                                 */s/Sara L. Pettinger*

4836-0374-3532, v. 2